UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID ROBERT RICKARD,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | No. CV-08-0001-JPH<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 15.) Attorney Lora Lee Stover represents Plaintiff; Special Assistant United States Attorney Terrye E. Shea represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings.

**JURISDICTION**

On November 22, 2005, Plaintiff David Rickard (Plaintiff) filed for supplemental security income benefits (SSI). (Tr. 20, 57-59.) Upon initial application, plaintiff alleged disability since March 12, 2004, due to mental health problems. (Tr. 66-67.) Benefits were

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-1

denied initially and on reconsideration. (Tr. 42-43, 44-47.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Richard A. Say on November 30, 2006. (Tr. 403-440.) Plaintiff, who was present and represented by counsel, medical expert W. Scott Mabee, Ph.D., and vocational expert Fred Cutler, testified. The ALJ denied benefits and the Appeals Council denied review. (Tr. 6-9, 28.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. Plaintiff was 44 years old at the time of filing and 45 at the hearing . (Tr. 413.) He testified that he finished the ninth grade and later obtained a GED. (Tr. 413-414.) Plaintiff served in the military for four years, and spent more than 22 years in prison. (Tr. 414.) He has past work experience as a truck driver. (Tr. 426.)

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a Plaintiff is not only unable to do previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work

which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability consists of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920.  Step one determines if the person is engaged in substantial gainful activities.  If so, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If not, the decision maker proceeds to step two, which determines whether Plaintiff has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, Plaintiff is conclusively presumed to be disabled.  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing work which was performed in the past.  If a Plaintiff is able to perform previous work, that Plaintiff is deemed not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, Plaintiff's residual functional capacity ("RFC") assessment

is considered. If Plaintiff cannot perform this work, the fifth and final step in the process determines whether Plaintiff is able to perform other work in the national economy in view of Plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon Plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once Plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) Plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction ("DAA") is not a contributing material factor to disability. *Ball v. Massanari*, 254 F. 3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423(d)(2)(C) and 1382(a)(3)(J); *Sousa v. Callahan*, 143 F. 3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether the DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-4

benefits and there is no need to proceed with the analysis to determine whether alcoholism is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled and there is medical evidence of drug addiction or alcoholism, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs. *Bustamante v. Massanari*, 262 F. 3d 949 (9th Cir. 2001.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On

review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner.  *Tackett*, 180 F.3d at 1097;  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At step one of the sequential evaluation, the ALJ found plaintiff had not engaged in substantial gainful activity since the onset date of March 12, 2004.  (Tr. 22.)  At steps two and three, he found plaintiff had the severe impairments of personality disorder, depressive disorder, alcohol abuse, and status post broken right leg (on two occasions) (Tr. 22), but these impairments alone or in combination did not meet or equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 23-

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-6

24.) The ALJ found plaintiff less than fully credible. (Tr. 25-27.) He determined plaintiff had the residual functional capacity (RFC) to perform a wide range of light work. (Tr. 24.)

At step four, based on vocational expert testimony, the ALJ determined plaintiff could not perform his past relevant work. (Tr. 27.) At step five, also relying on the VE's testimony, the ALJ found transferability of skills was not material, and plaintiff could perform other work such as produce inspector, laundry worker, and garment inspector. (Tr. 28.) Therefore, plaintiff was not found "disabled" as defined in the Social Security Act at any time through the date of the ALJ's decision. (Tr. 28.)

**ISSUE**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff argues the ALJ failed to properly credit the opinion of testifying psychological expert Walter Scott Mabee, Ph.D., with respect to limitations caused by psychological impairment, and failed to incorporate these impairments into his hypothetical resulting in error at step five. (Ct. Rec. 14 at 11-12). The Commissioner responds that the ALJ's decision is supported by substantial evidence, free of legal error, and should be affirmed. (Ct. Rec. 16 at 2.)

**DISCUSSION**

**A.   RFC and Step Five**

Plaintiff alleges the ALJ failed to properly credit the opinion of testifying psychological expert Dr. Mabee, specifically because ALJ Say's hypothetical failed to include all of the psychological impairments assessed by Dr. Mabee after he reviewed the record. (Ct.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-7

Rec. 14 at 11.)  The Commissioner responds that the ALJ accepted Dr. Mabee's opinion of plaintiff's impairments and resulting limitations, and incorporated them into his RFC.  (Ct. Rec. 16 at 5-6).

In addition to medical reports in the record, the analysis and opinion of a non-examining medical expert selected by an ALJ may be helpful to the adjudication. *Andrews v. Shalala*, 53 F. 3d 1035, 1041 (9th Cir. 1995) (*citing Magallanes v. Bowen*, 881 F. 2d 747, 753 (9th Cir. 1989).  Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Id.*

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).

After reviewing the record, Dr. Mabee opined that plaintiff suffers from a personality disorder with avoidant, dependent, and anti-social features; this causes periodic problems with mood stability.  (Tr. 406.)  He diagnosed alcohol abuse based in part on plaintiff's blood alcohol concentration of .257, registered in the hospital after he fell or jumped (the record is unclear) from a height of nearly fifteen feet and broke his leg.  (Tr. 406, referring to Exhibit 11F.)  Dr. Mabee reviewed Listings 12.04 (mood disorders), 12.08 (personality disorders), and 12.09 (substance abuse).  He opined no Listings were met or medically equaled.  (Tr. 406-407.)

Dr. Mabee assessed marked and moderate psychological impairment in several areas, including the ability to: maintain social functioning, interact appropriately with the general public, accept

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-8

criticism and instruction from supervisors (marked); interact appropriately with co-workers, and respond to workplace changes (moderate). (Tr. 407-409.) Dr. Mabee testified that he assessed these limitations without considering the affects of alcohol abuse, except that plaintiff's moderate impairment in the ability to respond to changes in the workplace would be more severe (marked) if substance abuse is included. (Tr. 411.)

The following exchange between the ALJ and Dr. Mabee addressed impairments in social functioning:

> Q: It sounds like he'd have trouble working around people. How about with respect to working with the general public?
>
> A: I believe I rated that as marked [sic] limited ability to interact with the general public.
>
> Q: You've also marked his ability to accept criticism, accept instruction and criticism from supervisors and [sic] marked. Would such an individual be able to accept any supervision or criticism or would it lead to problems all the time?
>
> A: The ability to accept criticism, fairly superficial interactions I think is there. It's when demands are increased, when expectations are counter to what maybe his goals might be, I'd seek [sic] more marked limitations. I did not raise it as extreme or severely limited in that there's absolutely no capacity so -

(Tr. 409.) The ALJ stopped his questioning this point. Plaintiff's counsel asked Dr. Mabee:

> Q: In terms of your overall view of the record how would you rate Mr. Rickard's ability to handle stress and not just in everyday life but also in the workplace?
>
> A: As I saw the record the stress is from interpersonal relationships and that's where I try to identify the greater limitations and so the ability to handle those types of stresses [sic] interpersonal stresses I think are, as I said, markedly limited. There is significant impairment in those areas.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-9

(Tr. 409.)

Plaintiff's counsel asked Dr. Mabee whether the degree of impairment he assessed would be the same if the effects of alcohol abuse were excluded:

> Q: Were the ratings that you've given today would that be absent the effects of any DANA [sic] concerns?
>
> A: Probably all except the ability to respond to changes. I think alcohol abuse makes that a more impaired area and so the ratings that I've provided generally are without the effects of substance abuse. So adaptation in the workplace, I believe I rated one of those as moderately limited, that would likely seek [sic] greater difficulties with substance abuse.
>
> Q: All right. So moderate without - -
>
> A: Correct.
>
> Q: Worse with?

(Tr. 411-412.) Dr. Mabee did not directly answer this question, but the clear inference from his testimony is that plaintiff's ability to adapt to changes in the workplace is moderately limited without considering the effects of substance abuse, and markedly limited when it is included.

In his RFC assessment, the ALJ does not included a moderate (or marked) impairment in plaintiff's ability to adapt to changes in the workplace, with or without the effects of substance abuse. The sole mental limitation is that plaintiff "should only have superficial contacts with supervisors, co-workers, and the public." (Tr. 24.) Although the ALJ purports to adopt Dr. Mabee's assessed limitations, he gives no reason for failing to credit (or for rejecting) Dr. Mabee's opinion that plaintiff is moderately limited in his ability to adapt to changes in the workplace, and even more limited when the effects of substance abuse are included. Nor did the ALJ include this

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)-10

impairment in his step five hypothetical to the VE.  This is error. "If a claimant shows that he or she cannot return to his or her previous job, the burden of proof shifts to the Secretary to show that the claimant can do other kinds of work." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).  The vocational expert's opinion cannot be accepted if it is unsupported by the evidence, i.e., is not based on all of a plaintiff's limitations and restrictions supported by the record.  *See e.g., Magallanes v. Bowen*, 881 F. 2d 747, 756 (9th Cir. 1989).

**B. Remand**

Plaintiff's psychological RFC is an administrative finding which is reserved to the Commissioner, and, by delegation of authority, to the ALJ.  SSR 96-5p.  It is thus the responsibility of the ALJ, not this Court, to make an RFC determination.  Accordingly, plaintiff's psychological RFC must be redetermined, on remand, taking into consideration the opinion of the testifying expert, as well as any additional or supplemental evidence relevant to plaintiff's claim for disability benefits.  Plaintiff's new psychological RFC assessment should be presented to a vocational expert, at a new hearing, in order to determine if he is capable of any work.

If the ALJ found plaintiff disabled, he would have been required to conduct the *Bustamante*[1] analysis to determine whether substance abuse materially contributed to plaintiff's impairments. The expert psychologist testified that plaintiff suffers from alcohol abuse and from (among other impairments) a moderate impairment in the ability to adapt to changes in the workplace; a limitation which becomes marked

---

[1] *Bustamante v. Massanari*, 262 F. 3d 949 (9th Cir. 2001).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-11

when DAA is included.  The record contains evidence of substance abuse, including a reported history of intravenous drug ingestion, of use of PCP, opiates, crack cocaine, and alcohol. (Tr. 180.)  The ALJ asserted he was adopting Dr. Mabee's assessment but omitted this impairment without explanation.  On remand the ALJ should perform the *Bustamante* analysis if necessary.  The court expresses no opinion as to what the ultimate outcome on remand will or should be.  The fact-finder is free to give whatever weight to the evidence is deemed appropriate.  *See Sample v. Schweiker*, 694 F. 2d 639, 642 (9th Cir 1982) ("Q)uestions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary").

**CONCLUSION**

The ALJ's decision contains error which is not harmless.  A remand for further proceedings is the proper remedy.  On remand, the ALJ will conduct a new sequential evaluation, make a new RFC determination, take additional vocation expert testimony at step five and conduct the *Bustamante* analysis, if appropriate.

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED**.  The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is **DENIED.**

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall

1  be entered for Plaintiff and the file shall be **CLOSED**.
2      DATED August 18th, 2008.
3
4                    s/ James P. Hutton
5                    JAMES P. HUTTON
6              UNITED STATES MAGISTRATE JUDGE

28
ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-13